

**ORDERED in the Southern District of Florida on September 30, 2022.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 22-12385-EPK |
| | Chapter 13 |
| RONALD CLEMENT and | |
| MARTINE JEAN CLEMENT, | |
|     Debtors. | |
| _____/ | |

ORDER SUSTAINING OBJECTION TO
CLAIM 14-1 OF ISOLA BELLA HOMEOWNERS ASSOCIATION, INC

Ronald and Martine Clement, the debtors in this joint chapter 13 case, object to the secured status of a claim filed by their homeowners' association, Isola Bella Homeowners Association, Inc.  ECF No. 26 (relating to proof of claim 14-1).  For the reasons that follow, the objection will be sustained and the association's claim allowed as an unsecured claim in this case.

The association filed a proof of claim in the amount of $164,555.38, as a fully secured claim representing a lien on the debtors' home.  The association stated the basis of the claim as "Attorneys' Fees to obtain compliance with Association Declaration" and stated the

basis for perfection of the lien as "Declaration of Covenants R&E OR Book 16323/171." The proof of claim includes a complete copy of the relevant declaration of covenants.

Prior to this bankruptcy case, the association sued the debtors seeking an injunction directing them to remove part of a fence allegedly installed in violation of easements retained under the declaration of covenants. The debtors and the association eventually entered into a partial settlement agreement addressing only the removal of the offending portion of fence, but reserving the question whether the association would be entitled to legal fees and expenses. The association's request for legal fees and expenses in the trial court was denied but that decision was reversed on appeal. Before the trial court could ascertain the proper amount of legal fees and expenses to award on remand, the debtors filed this chapter 13 case. The association's proof of claim includes all of their claimed legal fees in the state court suit through appeal.

The debtors do not presently dispute the amount of the association's claim. They oppose only the association's position that the claim is a secured claim.

This matter came before the Court for hearing on August 9, 2022, during the Court's monthly chapter 13 calendar. At that time, the association had not filed a written response to the objection. After addressing the objection with the parties, the Court directed briefing. ECF No. 38. The Court has carefully considered the parties' briefs. ECF Nos. 41, 44.

To determine this dispute, the Court looks first to the declaration of covenants for the association.

Article IX of the declaration of covenants addresses use restrictions. Section 28 of that article authorizes the association to take action to enforce the covenants and restrictions and, among other things, permits the association to seek to recover its legal fees and costs for enforcement actions. Subparagraph E of section 28 provides that the

2

association's legal fees and costs incurred in enforcement actions "shall be treated as an Assessment subject to the provisions of the collection of Assessments as otherwise set forth herein, and shall constitute a lien upon the applicable Lot and Home, with the same force and effect as a lien for Operating Expenses."  In light of these provisions, the association's claim for legal fees and expenses is to be treated like any other assessment under the declaration of covenants.

Article V of the declaration of covenants addresses the payment of assessments and the establishment of liens.  Section 2 of that article provides that all assessments "including, but not limited to, Legal Fees, are hereby declared to be a charge and continuing lien upon each Lot against which each such Assessment is made." Section 2 goes on to provide: "Said lien shall be effective only from and after the time of the recordation amongst the Public Records of the County of a written, acknowledged statement by the Association setting forth the amount due to the Association as of the date the statement is signed."  Under these provisions, the association's claim for legal fees and expenses filed in this case is "a charge and continuing lien" on the debtors' home that is "effective only from and after" the recording of a statement in the public records.  The Court interprets the word "effective" to mean that there is no enforceable lien until the statement is recorded.  It is undisputed that the association did not record such a statement prior to the debtors' petition commencing this case.  Looking only at the declaration of covenants, because the association had not recorded a statement prior to the petition here, the association would not be entitled to a secured claim in this case.

Next, the Court considers whether the applicable Florida statutes lead to a different conclusion.

Florida Statutes chapter 720 governs homeowners' associations.  Section 720.3085 addresses liens in favor of associations.  That section provides, among other things: "When

3

authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided for by this section. Except as otherwise set forth in this section, the lien is effective from and shall relate back to the date on which the original declaration of the community was recorded." Florida Statutes § 720.3085(1). The same subsection goes on to provide that, as to first mortgages of record, the lien is effective from and after the recording of a claim of lien. These provisions exhibit the intent of the Florida legislature that liens in favor of associations arise automatically and relate back to the filing of the original declaration, except with regard to first mortgages.

The debtors argue that the introductory phrase to subsection (1) of section 720.3085, "When authorized by the governing documents," relates to the timing of association liens, so as to make the entirety of subsection (1) inapplicable when a declaration of covenants provides for liens to take effect at a time other than when the original declaration was recorded. A close reading of the first 3 sentences of subsection (1) leads to a different conclusion.

The first sentence of Florida Statutes § 720.3085(1) reads: "When authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided for by this section." This sentence addresses only whether there is a lien for assessments at all. If a declaration provides for the association to have a lien for assessments, then this section applies. If a declaration does not provide for the association to have a lien for assessments, then this section does not apply.

The second sentence of Florida Statutes § 720.3085(1) reads: "Except as otherwise set forth in this section, the lien is effective from and shall relate back to the date on which the original declaration of the community was recorded." This provision makes liens for assessments automatically effective, as of the date the declaration was originally recorded,

4

without the need for the association to take any other action.  The only exception to this timing provision is in the third sentence, which reads:  "However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the parcel is located."

In their brief, the debtors interpret the phrase "When authorized by the governing documents" as though it was included in the second sentence of section 720.3085(1).  The debtors thus argue that the association's lien relates back to the original filing of the declaration only where the declaration so provides.  The text of the statute does not support the debtors' view.  The first sentence of section 720.3085(1) provides only that an association has a lien for assessments if its declaration so provides.  The declaration of covenants in this case provides the association with a lien for assessments.  Thus, section 720.3085(1) applies.  Under that provision, the association's lien was effective when their right to payment arose, prior to the petition date here.  Looking only at the relevant Florida statute, the association would be entitled to a secured claim in this case.

The final question for the Court is whether the association has the benefit of the automatic lien effectiveness provided by Florida Statutes § 720.3085(1), or whether it remains bound by the requirement in its declaration of covenants that it record a statement in order for its lien to be effective.  The association's declaration of covenants was recorded in 2003.  In 2008, the Florida legislature enacted the current form of Florida Statutes § 720.3085(1), which for the first time included the language discussed above.  2008 Fla. Sess. Law Serv. Ch. 2008-175 (S.B. 1986) (West).  At the time the declaration of covenants was recorded, the Florida Statutes did not provide for automatic effectiveness of homeowners' association liens.

Under prevailing Florida law, a declaration of covenants of a homeowners' association is governed by the substantive law in effect at the time of its recording unless

5

the declaration specifically provides that it will be subject to Florida statutory association law "as amended from time to time." *Kaufman v. Shere,* 347 So.2d 627 (Fla. 3d DCA 1977). While the requirement for the so-called "Kaufman language" arose in the context of condominium associations, it is regularly held to apply to homeowners' associations. *See, e.g., Beacon Hill Homeowners Ass'n v. Colfin AH-Florida 7,* LLC, 221 So. 3d 710 (Fla. 3d DCA 2017). If a declaration of covenants does not include the "Kaufman language," it remains subject to the substantive law in effect when it was created unless and until the declaration is amended.

      Both the United States Constitution and the Florida Constitution prohibit impairment of contract. U.S. Const. art. I, § 10; Fla. Const. art. I, § 10. The Florida homeowners' association statute explicitly states that its provisions are not intended to impair existing contract rights. Florida Statues § 720.302(2). Florida case law repeatedly holds that "virtually no degree of contract impairment has been tolerated in this state." *Yamaha Parts Distribs. Inc. et al. v. Ehrman*, 316 So.2d 557 (Fla. 1975) (finding a statutory notice provision, longer than that provided in the parties' contract, to be an improper impairment of contract); *see Pudlit 2 Joint Venture, LLP v. Westwood Gardens Homeowners Ass'n, Inc.*, 169 So.3d 145 (Fla. 4th DCA 2015) (discussing Florida impairment of contract law in the context of association declarations of covenants). Compared to the association's declaration of covenants, the provisions of Florida Statues § 720.3085(1) would substantially adjust the rights of the parties, giving the association an effective lien when it otherwise would not have one. This would constitute an impairment of contract in contravention of the United States and Florida Constitutions.

      In this case, the association's declaration of covenants does not include the "Kaufman language" or any similar provision. The association in this case remains subject to its own declaration of covenants. Because the association failed to record a statement as

6

required by its declaration of covenants, it did not have an effective lien at the time Mr. and Mrs. Clement filed their petition here. The association's claim is thus not a secured claim.

For the foregoing reasons, it is ORDERED and ADJUDGED as follows:

1. The objection filed by the debtors Ronald and Martine Clement to the claim of Isola Bella Homeowners Association, Inc. [ECF No. 26, relating to proof of claim 14-1], is SUSTAINED as provided herein.

2. Isola Bella Homeowners Association, Inc. has an allowed unsecured claim in the amount of $164,555.38.

###

Copy to:

Christian J. Olson, Esq.

*Christian J. Olson, Esq., is directed to serve a copy of this Order on all appropriate parties and file a certificate of service.*